UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICARDO LEE AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER ERIC ROBERTSON *et* al.,<br><br>Defendants. | CASE NO. C09-5532RBL/JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates Judges' Rules MJR 1, MJR 3, and MJR 4.

Plaintiff has filed a motion to compel production of documents, (Dkt. # 32), Defendants have responded, (Dkt. # 35), plaintiff has replied, (Dkt. # 37). This action involves a missing ring that belonged to plaintiff and was confiscated from him at the Washington Corrections Center. Defendants admit in the answer that plaintiff had a gold ring; they admit the ring was confiscated and cannot be located (Dkt. # 35, page 1). Plaintiff moves to compel on four requests for production. They are requests 13, 15, 16, and 18. Defendants have provided the entire copy of the requests and objection made (Dkt. # 35).

ORDER - 1

For the majority of the requests, the documents requested do not relate to the claims in this litigation and are not reasonably calculated to result in admissible evidence. Therefore, the motion is DENIED.

In Request for Production 13, plaintiff has requested a complete copy of his central file including any medical and mental health reports. Defendants object on the grounds that plaintiff may access his central file himself and pay for any copies he wants. Defendants also object because the request is not reasonably calculated to lead to admissible evidence, and the request is irrelevant to the claims in this action. (Dkt. # 35, page 2). The objection is well taken. Plaintiff has not demonstrated how these files are in any way relevant to this claim or could lead to the discovery of relevant evidence. Furthermore, plaintiff may make arrangements through his counselor for access to his files. . The motion to compel Request for Production 13 is DENIED.

In Request for Production 15, plaintiff asks for a complete copy of defendant Robertson's criminal history, previous employment history, and disciplinary history while employed with DOC, (Dkt. # 35, page 3). Defendants objected on the grounds that the information is exempt from disclosure pursuant to RCW 42.56.230(2) and RCW 42.56.250(1) and (3) (Dkt. # 35, page 3). Defendants also argue that the information is irrelevant (Dkt. # 35). Defendants informed plaintiff there are no responsive documents regarding disciplinary actions.

Plaintiff has failed to demonstrate that the information requested is relevant or could lead to the discovery of relevant evidence and, therefore, the request is DENIED.

In Request for Production 16, plaintiff asks for any and all documents created since February 27, 2008 that mention inquiry or complaint about loss of an inmate's personal property at the Washington Corrections Center (Dkt. # 35, page 3). Defendants object to the request as it applies to any inmate other than plaintiff because the information is irrelevant and production

would be unduly burdensome. Defendants maintain they have provided all documents pertaining to plaintiff's lost ring. The court agrees. The motion to compel on this issue is DENIED.

The final Request for Production 18, asks for information regarding insurance or information regarding any party acting as surety. Defendants object based on relevance. In the event of a judgment in plaintiff's favor, this information might well be very relevant. However, in the response the defendants clarify that because the defendants are represented by the Washington State Attorney General's Office any judgment will be satisfied by the state pursuant to RCW 4.92.070-.075. They also clarify that there are no documents responsive to the request. The court considers the response as supplementing the answer to discovery by providing information regarding RCW 4.92.070-.075 to plaintiff. Because there are no responsive documents the motion to compel on this issue is DENIED.

Fed. R. Civ. P. 37 (5) (A) discusses mandatory award of fees and costs. Here, the court considers fees and costs unjust as defendants were substantially correct in their objections, but plaintiff did obtain additional information, through the response, after the filing of this motion.

The clerk is directed to send plaintiff a copy of this order and remove Dkt. # 32 from the court's calendar.

DATED this 8th day of June, 2010.

J. Richard Creatura
United States Magistrate Judge