UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICARDO LEE AGUILAR,

    Plaintiff,

v.

CORRECTIONAL OFFICER ERIC ROBERTSON, et al.,

    Defendants.

Case No. C09-5532 RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
August 27, 2010

This 42 U.S.C. § 1983 Civil Rights Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Plaintiff alleges a ring that belongs to him was lost or stolen by prison property officers. Defendants move to dismiss the action for failure to state a claim because the state provides for due process in a state forum. The motion is filed as a Fed. R. Civ. P. 12 (c) motion for judgment on the pleadings (Dkt. # 36). The court has reviewed the file

REPORT AND RECOMMENDATION- 1

including the motion and response. This action fails to state a claim because the state provides due process through a state tort claims process. The court recommends the action be dismissed and that the dismissal count as a strike pursuant to 28 U.S.C. §1915 (g).

## STANDARD OF REVIEW

Judgment on the pleadings is proper under Fed. R. Civ. P. 12(c) when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999); Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998).

## DISCUSSION

Defendants argue:

> [The] unauthorized deprivation of a prisoner's property by a state official or employee does not state a claim for a violation of due process in a § 1983 action so long as the state provides an adequate post-deprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981) (negligent loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury); *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984) (unauthorized, intentional loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury).
>
> Plaintiff's claim concerning the loss of his personal property falls squarely under *Parratt*, *supra* and *Hudson*, *supra*. Plaintiff has alleged an unauthorized and random deprivation of his property by state prison officials. Plaintiff's due process claim is therefore foreclosed if he has an adequate post-deprivation remedy under state law. *Id.* Plaintiff has an adequate remedy under state law.
>
> Under Washington law, Plaintiff may file a tort claim and a civil action against the State of Washington for the unlawful loss or destruction of his personal property. RCW 72.02.045 (state and/or state officials liable for the negligent or intentional loss of inmate property); RCW 4.92.090.-.100 (state liable for the tortious conduct of state officials and employees); *See also Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986) (State of Washington provides a meaningful remedy for the loss of an inmate's property by state officials). Plaintiff has availed himself of this state law remedy as he concedes that he filed a tort claim with the state over his lost property.

REPORT AND RECOMMENDATION- 2

> *See* complaint, p. 3. The State of Washington provides a meaningful remedy for the
> loss of plaintiff's personal property, therefore, plaintiff has failed to state a claim for a
> violation of his due process rights. *Id.*

(Dkt. # 36, pages 3 and 3).

Plaintiff has responded to the motion and argues that when he went through the state tort claims process he was only offered one hundred dollars for a ring that appraised at one thousand five hundred dollars (Dkt. # 39). Department of Corrections policy limits inmates to a value on personal property of one hundred dollars (Dkt. # 39).

Plaintiff misperceives the nature of Washington's tort claims process. Once he has gone through the process he may then file an action in state superior court. If the amount offered was not acceptable, the filing of an action in state court is an available remedy. Thus, the state system gives him due process for the taking. As the state provides redress, the cause of action fails to state a claim under 42 U.S.C. §1983.

The court recommends this action be dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. §1915(g).

## CONCLUSION

The court recommends defendant's motion for judgment on the pleadings be GRANTED. This is dismissal for failure to state a claim; it would count as a strike under the Prison Litigation Reform Act 28 U.S.C. §1915(g).

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION- 3

limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 6, 2010, as noted in the caption.

Dated this 3rd day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4